## AFFIDAVIT OF JAMES SINNOTT

I, James Sinnott, being duly sworn, hereby depose and state as follows:

1. I am a Special Agent with Immigration and Customs Enforcement, formerly the Immigration and Naturalization Service and the United States Customs Service ("ICE"), and have been so employed since 1997. My duties include the detection and apprehension of aliens who are in the United States unlawfully, including aliens who have reentered the United States illegally after deportation.

2. I make this affidavit in support of a criminal complaint charging Cedric Newland ("Newland"), an individual who was born in 1962 and has a Social Security account number ending in 8912, with unlawful reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2) and 6 U.S.C. § 202(3) and (4) and § 557.

3. The information set forth in this affidavit is based on my own investigation; my review of ICE records, including Newland's Alien File ("A-File"); and information I have received from other members of law enforcement, including reports written by other members of law enforcement. I have not included in this affidavit all facts known to me regarding this investigation but instead have included only those facts that I believe establish the requisite probable cause.

4. According to Newland's A-File and other ICE records, Newland is a citizen of Jamaica who was deported from the United States on or about June 23, 2003. According to Newland's Criminal History Systems Board record, this deportation took place after Newland's conviction on or about October 5, 1999 in Bristol Superior Court for possession of heroin with intent to distribute, a conviction for which Newland was sentenced to a term of three years to

three years and a day. (Newland's criminal history reflects other convictions as well, including other drug-related convictions.)

5. On or about February 16, 2010, Taunton Police Officer Chris Williams obtained a warrant to search both Newland's person and a 2009 gray Hyundai Santa Fe vehicle bearing Massachusetts registration number 599EP3 for heroin, currency, and items related to drug distribution. On or about February 22, 2010, Officer Williams and Taunton Police Sergeant Michael Grundy observed the vehicle backed into a parking space at a CVS Pharmacy in Taunton, Massachusetts. Officer Williams activated the blue lights on his unmarked police cruiser and backed up to a location in front of the vehicle, boxing it in. Sergeant Grundy approached the driver's side and ordered the driver out of the vehicle. The driver proved to be Newland, and Sergeant Grundy advised him that the police had a warrant to search both Newland's person and the vehicle. As the search began Detective Edward Pearson told Officer Williams that he was driving into the parking lot as Officer Williams's vehicle stopped and began backing up, and he saw Newland toss a green-colored object from the driver's side window. Detective Pearson located the green object, which proved to be a Mentos container, and determined it contained five bags of what appeared to be heroin. The police also recovered $276.00 in currency from Newland's right front pants pocket; a Motorola Boost cell phone from the console of the vehicle; and a rental agreement for the vehicle between Avis and Cedric Newland Oncore Entertainment 7. Newland was arrested for possession of heroin with intent to distribute.

6. On or about July 6, 2010 I submitted to the Federal Bureau of Investigation ("FBI") (1) a copy of Newland's warrant of deportation, which was executed at the time Newland was deported from the United States on June 23, 2003 and includes an inked copy of Newland's right

2

index fingerprint, and (2) a copy of the fingerprints taken from Newland on February 22, 2010 as part of the arrest process. The FBI informed me that the right index fingerprint from the arrest fingerprints is identical to the right index fingerprint appearing on the warrant of deportation.

7. I have reviewed Newland's A-File. The A-File contains no documentation to suggest that Newland ever applied for permission to reenter the United States following his deportation in 2003 or received the express consent of the Secretary of the Department of Homeland Security to reapply for admission to the United States. I know through my experience with ICE that, had such application been made, it would be reflected in Newland's A-File.

10. Based on the foregoing, I believe probable cause exists to believe that Cedric Newland is an alien who was previously deported from the United States and who was thereafter found in the United States without receiving the express consent of the Secretary of the Department of Homeland Security to reapply for admission to the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2) and 6 U.S.C. § 202(3) and (4) and § 557.

JAMES SINNOTT
Special Agent
Immigration and Customs Enforcement

Subscribed and sworn to before me
this 8th day of November, 2010

JENNIFER C. BOAL
United States Magistrate Judge